UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES MOORE, | Case No. 2:23-cv-11298 |
| *Plaintiff*, | Matthew F. Leitman |
| v. | United States District Judge |
| CRYSTAL BROWN and | Patricia T. Morris |
| DENNIS REYNOLDS, | United States Magistrate Judge |
| *Defendants*. | |
| _____ / | |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT CRYSTAL BROWN'S MOTION
FOR SUMMARY JUDGMENT AND TO DISMISS (ECF No. 31)
AND
TO DISMISS *SUA SPONTE* REMAINING
UNSERVED DEFENDANT DENNIS REYNOLDS**

**I.     RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendant Crystal Brown's motion for summary judgment and to dismiss. (ECF No. 31). If adopted, it is further **RECOMMENDED** that the Court dismiss *sua sponte* Defendant Dennis Reynolds. If both recommendations are adopted, there will be no surviving claims and this case should be closed.

1

## II. REPORT

### A. Introduction

Before the Court is Nurse Brown's motion for summary judgment and to dismiss. (ECF No. 31). Due to service difficulties, Nurse Brown's participation in this case began long after that of her former codefendants, all except one of whom have already been dismissed.[1] Nurse Brown's arguments in favor of summary judgment or dismissal track the grounds upon which the Undersigned recommended dismissal for a group of defendants who were all Michigan Department of Corrections ("MDOC") officials. Moore has not filed a response to Nurse Brown's motion and the deadline for doing so has long passed.

### B. Background

A thorough summarization of Moore's allegations was set forth in the May 15, 2024 Report and Recommendation ("R&R").[2] For the purposes of this R&R, only the facts pertaining to Nurse Brown need be repeated.

After corrections officers denied Moore's requests for medically necessary items, specifically an additional pillow and bedroll, Moore complained to Nurse Brown in a letter. (ECF No. 1, PageID.6–7). "Nurse Brown responded that neither

---

[1] For reasons that will be explained, the Undersigned recommends that the Court dismiss *sua sponte* this remaining defendant.

[2] No party filed objections to this R&R, and it was adopted by the Court on June 3, 2024. (ECF No. 34).

she nor any employee in '[h]ealth care' could 'supply pillows,' and she advised Moore to address his concerns with 'the counselor' or the 'ARUS' as officers working in '[c]ustody' are 'required' to 'honor' medical details if they have the means to do so." (ECF No. 27, PageID.165 (quoting ECF No. 1, PageID.27)).

Moore says that Nurse Brown's conduct violated his Fourteenth Amendment right to due process and his Eighth Amendment right to be free of cruel and unusual punishment as well as his statutory rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").

### C. Nurse Brown's Motion[3]

#### 1. Legal Standard

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels,

---

[3] Given the Undersigned's recommendation to dismiss all of Moore's claims against Nurse Brown on the merits, the issue of whether to grant Nurse Brown summary judgment on exhaustion grounds will not be addressed. *See Williams v. Moore*, 34 F. App'x 475, 476 (6th Cir. 2002) (explaining that "exhaustion does not need to be considered where the claim fails to state a claim upon which relief can be granted").

conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

### 2. Analysis

As previously noted, Nurse Brown relied on the May 15, 2024 R&R to craft her motion. Resolution of her motion is thus largely guided by the law-of-the-case doctrine, which "provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (internal quotation marks and citation omitted); *see also Foreman v. United States*, No. 2:22-CV-10401, 2023 WL 8850085, at *3 (E.D. Mich. Nov. 2, 2023) (quoting *Musacchio* and applying the law-of-the-case doctrine in a prisoner civil rights action), *report and recommendation adopted*, 2023 WL 9004913 (E.D. Mich. Dec. 28, 2023); *Lewis v. Greason*, No. 2:21-CV-11939, 2023 WL 2949998, at *12 (E.D. Mich. Feb. 15, 2023) (same), *report and recommendation adopted*, 2023 WL 2572455 (E.D. Mich. Mar. 20, 2023).

In the May 14, 2024 R&R, the Undersigned fulfilled her "independent

obligation" to recommend dismissal of claims that Moore did not plausibly allege. (ECF No. 27, PageID.172–74).  This resulted in recommendations that the Court dismiss Moore's claims under the RA, the ADA, and the Fourteenth Amendment for the following reasons:

> Start with Moore's claims under the ADA and the RA.  Moore alleges that the Defendants violated both statutes by interfering with his access to medical treatment.  (*See* ECF No. 1, PageID.11–12).  But the ADA and the RA protect individuals from discrimination, not deficient medical care.  *Centaurs v. Haslam*, No. 14-5348, 2014 WL 12972238, at *1 (6th Cir. Oct. 2, 2014); *see S.S. v. Eastern Ky. Univ.*, 532 F.3d 445, 452–53 (6th Cir. 2008) (explaining that apart from a few differences not relevant here, the RA and the ADA provide coextensive protections).  So "mere allegations of inadequate medical care do not raise a viable discrimination claim." *Cannon v. Eleby*, 187 F.3d 634 (6th Cir. 1999); *cf. Smith v. Aims*, No. 20-12013, 2023 WL 2297448, at *5 (E.D. Mich. Jan. 24, 2023); *Vandiver v. Corizon, LLC*, No. 16-13926, 2017 WL 6523643, at *4–5 (E.D. Mich. Dec. 21, 2017).  Thus, I recommend that the Court dismiss Moore's ADA and RA claims as to each Defendant.
>
> Nor does Moore allege a plausible due process violation.  The Due Process Clause of the Fourteenth Amendment provides both substantive rights and procedural safeguards.  *Klimik v. Kent Cty. Sheriff's Dept.*, 91 F. App'x 396, 402 (6th Cir. 2004).  Although Moore does not clarify whether he alleges a substantive or procedural violation, he does not allege facts showing that he is entitled to relief under either theory.  To the extent Moore alleges a procedural due process violation, he alleges no facts showing that the Defendants deprived him of an adequate procedure to challenge the Defendants' failure to supply him with an extra pillow and bedroll.  *See generally Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (outlining the elements of a procedural due process claim).  And to the extent Moore intends to bring a substantive due process claim, I suggest that he still fails to state a plausible claim for relief because his injury implicates the Eighth Amendment and "the rubric of substantive due process" cannot be used to analyze a claim "covered by a specific

constitutional provision." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).

(*Id.*). There is nothing unique about Moore's claims against Nurse Brown that spares them from dismissal for the same reasons outlined above. Thus, Moore's claims against Nurse Brown under the RA, the ADA, and the Fourteenth Amendment should all be dismissed as they were against her former codefendants.

Similarly, Moore's Eighth Amendment claim against Nurse Brown should also be dismissed for the same reasons explained in the May 15, 2024 R&R. Succinctly, Moore's "alleged injury, denial of an extra pillow and bed roll that had been ordered, is not of constitutional magnitude." (*Id.* at PageID.175). Thus, even if Moore's allegations are true, he nonetheless did not suffer an Eighth Amendment violation. (*Id.* at PageID.175–76). Moreover, as detailed in the previous R&R, Moore does not allege that a healthcare official such as Nurse Brown could have provided him with an extra pillow and bedroll. (*Id.* at PageID.178–79). Instead, "the exhibits attached to his complaint suggest that only custodial officers could access and supply these items." (*Id.* at PageID.178). Thus, Moore's allegations neither rise to the level of an Eighth Amendment violation nor suggest that Nurse Brown was able to prevent or remedy his injury. Accordingly, Moore's Eighth Amendment claim against Nurse Brown should be dismissed.

D.  ***Sua Sponte* Dismissal of Reynolds**

In addition to granting Nurse Brown's motion, thereby dismissing her as a defendant, the Court should also dismiss *sua sponte* Reynolds. To date, Reynolds has not been served. Under Federal Rule of Civil Procedure 4(m), Moore needed to serve Reynolds "within 90 days after the complaint [wa]s filed" absent a showing of "good cause" to extend.

Here, there was good cause to extend because an attorney mistakenly entered an appearance on behalf of Reynolds, leading to confusion and delay that was not attributable to Moore. (*See* ECF No. 35). Following resolution of this issue, Reynolds' former employer (MDOC) provided the Court with his last-known address. Given Moore's *in forma pauperis* status, the U.S. Marshals Service was directed to serve Reynolds. (ECF No. 36). However, the service packet that the U.S. Marshals Service mailed to Reynolds's last-known address was returned as undeliverable. (ECF No. 39).

Using USPS tracking information, the Undersigned learned that the service packet had been deemed undeliverable. As such, Moore was ordered to show cause why his claims against Reynolds should not be dismissed for failure to timely serve him. (ECF No. 38). The order cautioned Moore that **"[f]ailure to satisfactorily or timely comply with this Order will result in a recommendation that the claims against Reynolds be dismissed under Federal Rule of Civil Procedure 4(m) (dismissal for failure to serve defendant within 90 days of filing complaint) and**

7

**Eastern District of Michigan Local Rule 41.2 (dismissal for failure to prosecute).**" (*Id.* at PageID.228 (emphasis in original)). Moore was given a response date of December 13, 2024. (*Id.*). This date has passed without the filing of a response.

> As explained in the order to show cause:
>
> "[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Once a *pro se* plaintiff identifies a defendant, the U.S. Marshals Service must make a reasonable effort to locate and serve that defendant. *See Johnson v. Herren*, No. 2:13–cv–583, 2013 WL 6410447, at *3–4 (S.D. Ohio Dec. 9, 2013) (collecting cases interpreting "reasonable efforts" and concluding that the U.S. Marshals Service "discharges its duty to take 'reasonable efforts' to effect service of process by conducting an internet search and contacting a defendant's former employer, even if that search is ultimately unsuccessful"); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (holding that once a defendant former prison employee is properly identified, "the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service").
>
> Here, [Moore] identified Reynolds as an MDOC sergeant. (*See* ECF No. 1). The U.S. Marshals Service has now mailed a waiver of service packet for Reynolds to the facility at which he used to work as well as a formal service of process packet to his last-known home address. It has thus discharged its duty to make reasonable efforts to serve Reynolds. If [Moore] wishes to proceed with his claims against Reynolds, he must provide the Court with his current address.

(*Id.* at PageID.227–28). Reynold's lack of response to the order to show cause suggests that he is no longer interested in proceeding with his claims against

8

Reynolds and thus supports dismissal under Local Rule 41.2 for failure to prosecute. Similarly, his failure to provide information to facilitate the timely service of process supports dismissal under Federal Rule of Civil Procedure 4(m). Thus, the Court should dismiss *sua sponte* Reynolds under either or both rules.

### E. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **GRANT** Nurse Brown's motion for summary judgment and to dismiss. (ECF No. 31). If adopted, it is further **RECOMMENDED** that the Court dismiss *sua sponte* Reynolds. If both recommendations are adopted, there will be no surviving claims and this case should be closed.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

9

others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 13, 2025

s/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge