UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

    Plaintiff,

v.

Case No. 23-cv-11298
Hon. Matthew F. Leitman

CHRYSTAL BROWN, *et al.*,

    Defendants.

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 40), (2) GRANTING DEFENDANT BROWN'S MOTION TO DISMISS (ECF No. 31), AND (3) DISMISSING UNSERVED DEFENDANT DENNIS REYNOLDS**

Plaintiff Charles Moore is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On May 31, 2023, Moore filed this *pro se* civil-rights action against several Defendants who work for the MDOC. (*See* Compl., ECF No. 1.) Moore says, among other things, that the Defendants violated his Fourteenth Amendment right to due process, his Eighth Amendment right to be free from cruel and unusual punishment, and his rights under the Americans with Disabilities Act and Rehabilitation Act when the Defendants failed to provide him appropriate medical care and/or denied grievances that he had filed related to his medical care.

1

Only two Defendants remain in this action: Chrystal Brown and Dennis Reynolds. Moore has never served Reynolds with the Complaint. (*See* Unexecuted Summons, ECF No. 39.) Brown was served, and she has now filed a motion to dismiss. (*See* Mot., ECF No. 31.) That motion was referred to the assigned Magistrate Judge. (*See* Order, ECF No. 11.) On January 13, 2025, the Magistrate Judge issued a report and recommendation in which she recommended that the Court (1) grant Brown's motion and dismiss Moore's claims against her and (2) *sua sponte* dismiss Moore's claims against Reynolds for failure to prosecute those claims (the "R&R"). (*See* R&R, ECF No. 40.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of her recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.239-240.)

Moore has not filed any objections to the R&R. Nor has he contacted the Court to ask for additional time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of*

2

*Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because Moore has failed to file any objections to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition described in the R&R is **ADOPTED**.

**IT IS FURTHER ORDERED** that:

(1) Brown's motion to dismiss (ECF No. 31) is **GRANTED**, and Moore's claims against Brown are **DISMISSED**;

(2) Brown's claims against Reynolds are **DISMISSED** for failure to prosecute; and

(3) Because all Defendants have now been dismissed, the Court will close this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 10, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126